**UNITED STATES of America,**
**Appellee,**

v.

**James Edward NIMMO, Appellant.**

**No. 11156.**

United States Court of Appeals
Fourth Circuit.

Argued May 29, 1967.

Decided June 21, 1967.

---

Ronald B. Zedd, Norfolk, Va. (Court-appointed counsel), for appellant.

James A. Oast, Jr., Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and CRAVEN, Circuit Judges.

PER CURIAM.

Convicted of aiding and abetting a bank robbery, the defendant complains that the principal was allowed to testify about the prior knowledge of the defendant that a crime would be committed.

The defendant testified that he drove himself and Batten to a parking place near the bank, and that he waited while Batten went off to "transact" some business. The defendant fled when he heard and saw the running gun battle in which Batten was engaged as he approached the car. He denied that he had any prior knowledge of Batten's purpose.

Batten was permitted to testify that the defendant knew his purpose. There was more than that, for Batten also testified that he and the defendant, on the preceding day, had talked about robbing a bank, had settled upon this one, and had arranged to meet on the morning of the robbery to execute their plan.

Batten's testimony was undetailed, rather unspecific and conclusory, but if Batten had said no more on direct examination than that the defendant knew the bank was to be robbed, there would be no ground for reversal. The classic statement of United States v. Petrone, 2 Cir., 185 F.2d 334, 336, is apposite:

"The other alleged error rose as follows. During the cross examination of one of the agents Petrone's counsel asked whether Petrone had not given 'the impression * * * that he did not know those bills were in that room,' and the judge sustained the objection on the ground that that was a question for him to decide. We infer that he supposed that, since the question called for the witness's 'conclusion' about Petrone's appearance, it was incompetent. There is, of course a spate of decisions upon that question, of which the earlier often set up such a canon as peremptory and at times even treated its violation as a ground for reversal. In this circuit we have several times taken another view [citations omitted]: that is, that the question is at most one of discretion, turning upon how the judge thinks the truth may best be extracted from the particular witness who chances to be on the stand. Made obligatory, not only may the canon become a substantial obstacle to developing the truth, but it presupposes a logical solecism; for our perceptions—even our most immediate sense perceptions—are always 'conclusions.' The question ought always to be whether it is more convenient to insist that the witness disentangle in his own ꞟind—which, much more often than ꞥct, he is quite unable to do— those constituent factors on which his opinion is based; or to let him state his opinion and leave to cross examination a searching inquisition to uncover its foundations. Yet such is the inveterate habit in American courts of treating rules of evidence as though they were sacred tables, that it is apparently impossible to substitute the view that they should be lightly held as wise admonitions for the general conduct of the trial. We do not forget that that attitude is not possible as to all—e.g., as to hearsay—but in this instance it was, not only possible, but required. Nothing is less within the powers of the ordinary witness than to

analyze the agglomerate of sensations which combine in his mind to give him an 'impression' of the contents of another's mind. To require him to unravel that nexus will, unless he is much practised in self scrutiny, generally make him substitute an utterly unreal—though honest—set of constituents, or will altogether paralyze his powers of expression. Nor is it in the least an objection—as apparently the judge here supposed—that the opinion is upon a crucial issue. However, in the case at bar, the error, though error it was, would not warrant our reversing a conviction so plainly demanded by the evidence, even had Petrone objected to the ruling, as in fact he did not."

The principle has found expression elsewhere.*

Affirmed.

---

* United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; Wolin v. United States, 4 Cir., 211 F.2d 770; Zimberg v. United States, 1 Cir., 142 F. 2d 132; Roberts v. United States, 4 Cir., 60 F.2d 871; United States v. Cotter, 2 Cir., 60 F.2d 689; Central Railroad Co. of New Jersey v. Monahan, 2 Cir., 11 F.2d 212.